UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATLANTECH INCORPORATED, a
Massachusetts Corporation,

    Plaintiff,

v.

AMERICAN PANEL CORPORATION, an
Arizona Corporation; APC ACQUISITION
CORPORATION, INC., a Georgia Corporation;
and UNIVERSAL AVIONICS SYSTEMS
CORPORATION, an Arizona Corporation,

    Defendants.

NEXEL DEFENSE AND AEROSPACE, INC.,

    Respondent.

_____/

Case No. 11-MC-50076

Hon. Lawrence P. Zatkoff

## EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND TO SHORTEN BRIEFING SCHEDULE

Plaintiff Atlantech, Inc. ("Atlantech") hereby moves pursuant to Federal Rules of Civil Procedure 26 and 45, as well as the Court's inherent discretion, for expedited discovery and to shorten the briefing schedule. Atlantech significantly narrowed the scope of its requested information, and again served a subpoena by hand on Nexel today in the hopes of obtaining key pieces of information in advance of trial. With the final pretrial scheduled for June 10 and trial set to begin June 13, Atlantech must seek a shortened time for Nexel to fully and completely respond to the targeted requests contained in the May 27 subpoena.

Accordingly, Atlantech relies on this motion and the attached brief in support and respectfully requests that the Court grant its request for expedited discovery as follows:

- All objections to the May 27, 2011 subpoena due on or before June 2, 2011;

- Any response brief to this motion due June 2, 2011;

- Any hearing on this motion to occur on or before June 3, 2011, or on a date convenient for the Court that allows production of the documents on or before June 6, 2011;

- All relevant, non-privileged documents requested in May 27, 2011 subpoena produced on or before June 6, 2011;

- Deposition of Nexel's Rule 30(b)(6) witness to occur on or before June 8, 2011.

Counsel for Atlantech sought concurrence in the instant motion both by telephone call and by email on May 26, 2011, but did not obtain concurrence in the relief sought.

        s/Catherine T. Dobrowitsky
        Catherine T. Dobrowitsky
        Business Litigation Associates, PC
        101 W. Big Beaver Road, 14th Floor
        Troy, MI  48084
        cdobrowitsky@blapc.net
        (P63245)
        (248) 230-2860 (phone)

DATED:  May 27, 2011

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ATLANTECH INCORPORATED, a
Massachusetts Corporation,

     Plaintiff,

v.

AMERICAN PANEL CORPORATION, an
Arizona Corporation; APC ACQUISITION
CORPORATION, INC., a Georgia Corporation;
and UNIVERSAL AVIONICS SYSTEMS
CORPORATION, an Arizona Corporation,

     Defendants.

NEXEL DEFENSE AND AEROSPACE, INC.,

     Respondent.
_____/

Case No. 11-MC-50076

Hon. Lawrence P. Zatkoff

## BRIEF IN SUPPORT OF EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND TO SHORTEN BRIEFING SCHEDULE

Third-party Nexel Defense and Aerospace, Inc. ("Nexel") is the sole source for highly relevant information that Plaintiff Atlantech, Inc. ("Atlantech") needs in order to fully present its case at trial, which will commence in Boston at 9:00 am on June 13, 2011. Discovery remains open in the Massachusetts action, so in response to the Court's Order dated May 24, 2011 (D.E. 17) ("Order"), Atlantech sought amendment of the Protective Order that this Court determined was inadequate to protect Nexel, served on Nexel a narrowed subpoena in the hopes of obtaining critical missing information in advance of trial. Ex. A (May 27, 2011 subpoena). While Atlantech has tried to obtain this information short of judicial intervention, Nexel has steadfastly rejected Atlantech's requests, leaving Atlantech no choice but to seek the Court's assistance.

With the final pretrial scheduled for June 10 and trial set to begin June 13, Atlantech needs a shortened time for Nexel to fully respond to the targeted requests contained in the May 27 subpoena.  Nexel cannot claim prejudice due to the shortened time period requested by this motion since Nexel has been on notice of Atlantech's discovery requests since December 30, 2010.  Accordingly, Atlantech respectfully requests that the Court grant its request for expedited discovery and set the date for document production on June 6 or earlier, and order Nexel to produce a Rule 30(b)(6) witness for deposition on or before June 8, 2011.

**Procedural History**

The Order contains a brief summary of the proceeding to date.  *See* Order at pgs. 2-5. On May 26, 2011, Michigan counsel for Atlantech contacted Nexel's counsel to report that Atlantech intended to revise the Protective Order to address the concerns outlined in the Order, and sought to agree upon a narrowed scope for production and deposition dates.  Counsel for Nexel returned the call by voicemail after business hours and stated that Nexel did not intend to cooperate with any requests by Atlantech.

On May 26, 2011, Judge Woodlock of the U. S. District Court for the District of Massachusetts held a pretrial conference in the underlying action.  The minutes note that discovery remains open.  *See* Docket Notes May 26, 2011, Case No. 07-10342 (D. Mass.).  The Court set the final pretrial conference for June 10, 2011 and confirmed the trial will commence on June 13, 2011.  The Court also instructed Atlantech's counsel to submit a revised Protective Order make clear that Nexel's information is subject to the same protections.  Atlantech submitted its revised Protective Order for entry before the end of the day on May 26, 2011.  *See* Docket Entry 299, Motion for Protective Order by Atlantech, Inc., Case No. 07-10342 (D.

Mass.). On May 27, 2011, Atlantech served a new subpoena on Nexel, this one more focused, and provided a copy to counsel for each party in the underlying action.

## Legal Analysis

The District Court has broad discretion to adjust timing for discovery. Fed. R. Civ. P. 26(d)(2). This discretion includes the power to order the appearance of a witness or production of documents in situations where it would otherwise be permitted to modify or quash a subpoena "if the service party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."[1] Fed.R.Civ.P. 45(c)(3)(C), *see also* Fed. R. Civ. P. 26(d). A Court may expedite discovery, where the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Lemkin v. Bell's Precision Grinding*, No. 08-789, 2009 WL 1542731 at *2 (S.D. Ohio June 2, 2009) (citations omitted). As set forth below, Atlantech has a substantial need for expedited discovery that outweighs any prejudice to Nexel, and the Court should grant the instant motion.

    **A.    Atlantech Has a Substantial Need For the Requested Information that is Solely in the Possession of Nexel.**

The information in Nexel's possession is critical to Atlantech's damages case because Judge Woodlock has identified actual sales or potential sales of APC Acquisition product to UIMDB as a measure of damages in the underlying case. Atlantech thus far has only what was produced by APC Acquisition, but Nexel may have additional information based on its discussions with UIMDB. There is no question that such information exists because, during the

---

[1] Atlantech served a check for $95.59 in witness fees and mileage along with the revised subpoena on May 27, 2011. Ms. Bonham, who accepted service of the subpoena on behalf of Frank Bonham, refused to accept the check. Atlantech intends to mail the check, and there is no dispute that the subpoenaed person will be "reasonably compensated" in compliance with Rule 45.

December 7, 2010 deposition of James Niemczyk, an APC Acquisition employee, he admitted and confirmed the existence of several documents memorializing meetings between APC, Nexel and UIMBD including emails, sales presentations, minutes and two contracts.  *See* D.E. 4 at pg. 4.  Atlantech needs this information to fully identify and prove its damages claim at trial.

Additionally, the requests made in Atlantech's revised May 27, 2011 subpoena are more narrowly tailored to obtain targeted information specific to the issues identified by Judge Woodlock.  The proposed protective order submitted by Atlantech specifically provides protection for any information disclosed by Nexel, thus mitigating Nexel's concern that the entirety of the requested information constitutes a "trade secret" and is therefore precluded from production.  Even if Nexel were to repeat this objection—which alone is not enough to preclude production—given the extreme prejudice faced by Atlantech, the information could be produced and designated attorneys-eyes-only or reviewed *in camera* by the Court.

In short, Atlantech has no other no source that is more convenient, less burdensome or less expensive than requesting the information from Nexel.  *See In re. Elcommerce.com*, No. 10-51396, 2011 WL 237619 at *3 (E.D. Mich. Jan. 24, 2011) (Zatkoff, J.) (granting motion to compel production and modifying subpoena).

Additionally, under the circumstances, the time for production indicated on the subpoena provides reasonable time for compliance.  *Mariner Health Care, Inc. v. Indemnity Ins.,* Case No. 04-00180, 2005 WL 44521 at *2 (E.D. Pa. Jan. 7, 2005) (noting twelve days to respond to subpoena was reasonable under circumstances), *East Marine Baptist Church v. Regions Bank*, Case No. 05-962, 2007 WL 1445257 at *1, n.1 (E.D. Mo. May 10, 2007) (denying motion to quash where time to respond to subpoena was eleven days).

In light of the rapidly approaching trial date, the importance of obtaining the requested information outweighs any burden on Nexel. In fact, irreparable harm is likely if Atlantech is unable to obtain production quickly. If there is any delay, the very relief sought by this motion will be moot. Atlantech will be deprived of key information altogether. Nexel has been on notice of the requested information -- and known of impending trial date -- for months. Since it has been identified as a potential witness at trial by APC, Nexel has notice and actual knowledge that it possesses relevant information. Additionally, Atlantech has repeatedly tried to accommodate Nexel. Atlantech has reached out to Nexel multiple times but Nexel has stonewalled, which threatens Atlantech with the very real harm that it will be deprived of its ability to present its damages case at trial—to the advantage of Nexel and Defendants.

## Conclusion

In conclusion, Atlantech requests that the Court GRANT the instant motion and ORDER expedited discovery and shorten the briefing schedule as follows:

- All objections to the May 27, 2011 subpoena due on or before June 2, 2011;

- Any response brief to this motion due June 2, 2011;

- Any hearing on this motion to occur on or before June 3, 2011, or on a date convenient for the Court that allows production of the documents on or before June 6, 2011;

- All relevant, non-privileged documents requested in May 27, 2011 subpoena produced on or before June 6, 2011;

- Deposition of Nexel's Rule 30(b)(6) witness to occur on or before June 8, 2011.

                                    <u>s/Catherine T. Dobrowitsky</u>
                                    Catherine T. Dobrowitsky
                                    Business Litigation Associates, PC
                                    101 W. Big Beaver Road, 14th Floor
                                    Troy, MI  48084
                                    cdobrowitsky@blapc.net
                                    (P63245)
                                    (248) 230-2860 (phone)

DATED:  May 27, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and served a copy of it by hand on the attorneys of record.

<div style="margin-left: 3em;">

s/Catherine T. Dobrowitsky
Catherine T. Dobrowitsky
BLA Schwartz, PC
101 W. Big Beaver Road, 14th Floor
Troy, MI  48084
(248) 230-2860
cdobrowitsky@blapc.net
(P63245)

</div>