UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATLANTECH, INC.

    Plaintiff,                                                    Case No. 11-50076
                                                                Hon. Lawrence P. Zatkoff

v.

AMERICAN PANEL CORP.,
UNIVERSAL AVIONICS SYSTEMS CORP.,
and APC ACQUISITION CORP.,

    Defendants,

and

NEXEL DEFENSE AND AEROSPACE, INC.,

    Respondent.
_____/

## ORDER DENYING MOTION TO COMPEL

This matter is before the Court on Plaintiff's Emergency Motion to Compel and to Shorten the Briefing Schedule ("Motion to Compel") [dkt 20].  Upon review of Plaintiff's Motion to Compel, it raises similar arguments that this Court reviewed and addressed just days earlier in its June 6, 2011, order, denying Plaintiff's Emergency Motion to Expedite Discovery and to Shorten the Briefing Schedule ("Motion to Expedite Discovery") [dkt 18].  Although Plaintiff does not explicitly object to the Court's June 6, 2011, order, the Court construes Plaintiff's Motion to Compel as a motion for reconsideration of the Court's June 6, 2011, order [dkt 19].  As such, pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted.  The Court finds that the facts and legal arguments are adequately presented in Plaintiff's pleading such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the Motion to Compel be resolved on the brief submitted.  For the reasons

set forth below, Plaintiff's Motion to Compel is DENIED.

The facts and circumstances of this case, a prior subpoena served on Respondent, and the underlying Massachusetts case are fully explained in the Court's May 24, 2011, order [dkt 17], and need not be restated here. In that order, the Court quashed a subpoena served on Respondent on January 4, 2011, finding that the subpoena requested information that was a "trade secret" pursuant to Mich. Comp. Laws § 445.1902(d). Subsequently, Plaintiff served a second subpoena on Respondent on May 27, 2011. Because trial is set to begin on June 13, 2011, Plaintiff filed its Motion to Expedite Discovery, requesting the Court to order Respondent to produce documents and a Fed. R. Civ. P. 30(b)(6) witness with in ten and eleven days, respectively, after being served with the subpoena. In denying Plaintiff's Motion to Expedite Discovery, the Court stated:

> Upon review of the Motion and attached exhibits, the Court declines to enter an order granting Plaintiff's requested expedited briefing schedule. In declining to enter such an order, the Court makes no finding as to the merits of the information requested in the May 27, 2011, subpoena or as to the dates contained therein.

Four days after the Court entered its June 2, 2011 order, Plaintiff filed its Motion to Compel. The second subpoena is again at issue in Plaintiff's instant motion (the Motion to Compel). Plaintiff re-alleges that it significantly narrowed the scope of its requested information in the second subpoena. The Motion to Compel, similar to the Motion to Expedite Discovery, requests that the Court enter an expedited briefing schedule regarding the instant motion and compel Respondent, according to the May 27, 2011, subpoena, to produce any price and contract information for sales of Defendants' displays by Nexel to UIMDB (a Russian customer of Nexel) in an expedited manner.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

After review of Plaintiff's Motion to Compel, Plaintiff fails to show a palpable defect by which the Court should reconsider its June 2, 2011, order. Even taking into consideration the amended Protective Order in the Massachusetts Case that purportedly protects any documents produced by Respondent, the amended Protective Order does not change the Court's conclusion that ordering an expedited briefing schedule for the Motion to Expedite Discovery or the Motion to Compel is appropriate. The Court finds an expedited briefing schedule to be an onerous burden to place on a non-party in a case that Plaintiff filed on February 21, 2007, over three years prior to serving Respondent with Plaintiff's first subpoena. Thus, the Court does not find that Plaintiff's most recent assertions in its Motion to Compel show the Court's prior denial of Plaintiff's request for an expedited briefing schedule was the result of a palpable defect. Accordingly, the Court denies Plaintiff's second request for an expedited briefing schedule in this matter.

    IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: June 8, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2011.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290